## IN THE U.S. DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION
## CASE#: 3:16-cv-441-MCR-GRJ

U.S. BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE CERTIFICATE
OF SARM-2005-19XS,

      Plaintiff,

vs.

MEYER, HERBERT, et al.,

      Defendants.

_____/

## PLAINTIFF'S MOTION TO DISMISS ACTION FROM
## FEDERAL COURT PURSUANT TO ORDER TO SHOW CAUSE

Plaintiff, by and through its undersigned counsel and pursuant to the Court's Order to Show Cause signed by Magistrate Judge [D.E. 5] on October 6, 2016, Plaintiff hereby moves this Court to Dismiss this action from the Federal Court, and in support thereof, states:

1.      On June 23, 2011, Plaintiff filed its Verified Complaint for Foreclosure in the Circuit Court of the First Judicial Circuit, in and for Walton County, Florida, Case No. 11 CA 495.

2.      On June 17, 2015, Summary Final Judgment was entered in favor of Plaintiff. By Order of the Court dated June 30, 2015, the Summary Final Judgment was vacated and the Plaintiff's Renewed Motion for Summary Judgment reset.  Final Judgment was again entered in favor of the Plaintiff on December 18, 2015.

3.      Defendant, HERBERT MEYER, did not file his Notice of Appeal until January 28, 2016.  The First District Court of Appeal entered a *per curiam* dismissal on March 9, 2016



14-85309 - VaS

PAGE 1

finding that the appeal was untimely.  The property was sold and the Certificate of Title executed by the Clerk of the Court on March 21 2016.  Defendant thereafter filed a notice of error and motion for reconsideration, which was denied by the court.

4.      On September 2, 2016, Defendants filed the subject Notice of Removal [D.E. 1] contending that the action involves claims arising under the Fair Debt Collection Practices Act.

5.      On October 6, 2016, this Court issued an Order to Show Cause signed by Magistrate Judge Gary R. Jones [D.E. 5], wherein the Judge questioned the Court's subject matter jurisdiction to hear this matter and ordered that the Defendants "must6 show cause within twenty days why this case should not be dismissed for lack of subject matter jurisdiction. **In the event Defendants do not show cause the Court will dismiss this action for lack of subject matter jurisdiction, without further notice."** (Emphasis added).

6.      On October 28, 2016, after the Court's required deadline, Defendants filed their Notice of Affidavit in Support of Decree and Order wherein the Defendants specifically deny that this Court has jurisdiction over them.  Besides the fact that the response to the Order to Show Cause by the Defendants was past the Court ordered deadline, they fail to show this Court why this cause should not be dismissed for lack of subject jurisdiction.

7.      This case should be dismissed for Defendants' failure to show cause and because this Court does not have subject matter over the foreclosure action. This Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine because the Final Judgment entered by the trial court was affirmed by the appellate court, thereby making the Final Judgment final. Under the "*Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463, 126 S. Ct.

14-85309 - VaS

1198, 1201 (2006). "The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court. The doctrine applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (internal citation omitted).

8. Moreover, Defendants cannot show cause why the case should not be dismissed because there is no federal question. "Because courts strictly construe the removal statutes, the parties must meticulously comply with the requirements of the statute to avoid remand." *Landman v. Borough of Bristol*, 896 F. Supp. 406, 409 (E.D. Pa. 1995). Defendants' removal is premised on the entry of Final Judgment entered in Plaintiff's favor and not as to the well-pled allegations of Plaintiff's Complaint, which was merely for residential foreclosure; it did not raise any claims that could have originally been brought in federal court. "Not every claim 'arising under' federal law will invoke federal question jurisdiction. A case arises under federal law when a federal question is presented on the face of the complaint." *Everglades Ecolodge at Big Cypress, LLC v. Seminole Tribe of Florida*, 836 F. Supp. 2d 1296, 1301 (S.D. Fla. 2011). "If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court." *Id.* at 1301.

WHEREFORE, Plaintiff respectfully requests that the Court find that Defendants have failed to show cause why this case should not be dismissed, dismiss this action, and grant Plaintiff any such further relief as this Court deems just and proper.

14-85309 - VaS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 12, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record pro se parties identified below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Plaintiff
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
Service Email: mail@rasflaw.com

By: _____
      Vanessa D. Sloat-Rogers, Esquire
      Florida Bar No. 353530
      (E) vrogers@rasflaw.com

**SERVICE:**

MCCALL PAYNE, PIERCE, LLC
110 SE 6TH STREET, SUITE 2400
FORT LAUDERDALE, FL 33301

HERBERT MEYER, JR.
14126 STATE HIGHWAY 20
NICEVILLE, FL  32578

CHERI L. MEYER
14126 STATE HIGHWAY 20
NICEVILLE, FL  32578

14-85309 - VaS

PAGE 4