IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

U.S. BANK, NATIONAL ASSOCIATION
AS TRUSTEE FOR THE CERTIFICATE
OF SARM 05-19XS,

Plaintiff,

v. CASE NO. 3:16-cv-441-MCR-GRJ

HERBERT MEYER, JR., CHERI LYNN
MEYER,

Defendants.

_________________________________/

**REPORT AND RECOMMENDATION**

Defendants Cheri Lynn Meyer, and Herbert Meyer, Jr., filed a Notice of Removal alleging that this action involves a claim under the federal debt collection act. A review of the underlying state court action showed that it involved a claim for foreclosure of real estate, for which a final judgment of foreclosure was entered on June 18, 2015, a sale was held and a certificate of title was issued. Defendants appealed, and the First District Court of Appeal issued its mandate and opinion finding that the appeal was untimely on May 5, 2016. The Court ordered Defendants to show cause as to why this case should not be dismissed because the underlying state case has been concluded and there was no pending case to remove. ECF

No. 5. In response, Defendants filed an "affidavit in support of decree and order," ECF No. 6, that does not establish any basis for the exercise of federal jurisdiction over this case.

Further, this case is now before the Court on ECF No. 8, Plaintiff U.S. Bank, National Association's, motion to dismiss this case for lack of jurisdiction pursuant to the Court's show cause order. Defendants have failed to respond to the motion, and the time for doing so has long since passed. Plaintiff's motion confirms that the underlying foreclosure case was concluded, at the latest, in March 2016 when Defendants' appeal was dismissed. The Certificate of Title for the underlying foreclosed property was executed on March 21, 2016. ECF No. 8.

For the reasons stated in the unopposed motion, this case is due to be dismissed. A defendant may "remove a case to federal court only if the district court could have had jurisdiction over the case had the case been brought there originally." *Whitt v. Sherman Int'l Corp.*, 147 F. 3d 1325, 1329 (11th Cir. 1998). Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Further, the Court has subject matter jurisdiction over cases "arising under

the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). This well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Further, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

From a review of the Notice of Removal and the documents filed in the state court action, and based on the representations in the unopposed motion, it is clear that this Court lacks subject matter jurisdiction. The Complaint concerns only a simple state law claim for foreclosure of a mortgage. To the extent that Defendants suggest the Court has subject matter jurisdiction over the case because Defendants are raising a federal defense to the foreclosure action, this is insufficient to demonstrate federal question jurisdiction. The law is well settled that a Defendant's defense

under any a federal statute does not create federal subject matter jurisdiction. *Id.*

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion, ECF No. 8, should be **GRANTED** and this case should be dismissed for lack of subject matter jurisdiction.

**DONE AND ORDERED** this 10th day of March 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge